IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ZACHARY CAUDLE, <br><br> **Petitioner,** <br><br> v. <br><br> STEVEN HARPE, Director of the Oklahoma Department of Corrections,[1] <br><br> **Respondent.** | Case No. 22-CV-0453-JFH-JFJ |

## ORDER

Before the Court is Petitioner Zachary Caudle's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed November 17, 2022 ("Petition"). Dkt. No. 3. On December 22, 2022, Respondent Steven Harpe filed a Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus for Failure to Exhaust Necessary State Remedies and Based on the *Younger* Abstention Doctrine ("Motion") [Dkt. No. 7] and a Brief in Support of the Motion ("Brief") [Dkt. No. 8]. Caudle did not respond to the Motion. For the following reasons, the Court GRANTS the Motion and DISMISSES the Petition, without prejudice, for failure to exhaust available state remedies.

I.

Caudle brings this action to challenge his custody under the Judgment and Sentence entered

---

[1] Respondent's counsel explains, and this Court agrees, that the proper named respondent in this case is Steven Harpe, Director of the Oklahoma Department of Corrections, not the State of Oklahoma. Dkt. No. 8 at 1 n.1; Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Court therefore substitutes Steven Harpe in place of the State of Oklahoma as party respondent. The Clerk of Court shall note this substitution on the record.

against him in Tulsa County District Court Case No. CF-2022-2687.[2]  In that case, Caudle was convicted, on his plea of guilty, of possessing a firearm after former conviction of a felony, reckless conduct with a firearm, and obstructing an officer.  Dkt. No. 8-2; Dkt. No. 8-3.  Caudle's combined plea and sentencing hearing was held on August 23, 2022.  Dkt. No. 8-3 at 1; Dkt. No. 8-12 at 3.[3]  Beginning on September 23, 2022,[4] Caudle filed a series of pro se motions in state district court alleging he was not competent to enter a guilty plea, seeking a competency determination, and seeking to withdraw his plea.  Dkt. 8 at 3.  On October 7, 2022, Caudle appeared through counsel and withdrew his motion to withdraw his plea.  *Id.*  Thereafter, Caudle filed multiple pro se motions and state habeas petitions in state district court, none of which resulted in relief.  *Id.* at 3-4.

Caudle also unsuccessfully petitioned for habeas and mandamus relief in the Oklahoma Court of Criminal Appeals ("OCCA"), asserting that he was not competent to enter a guilty plea and that he should be provided a competency examination.  *Id.* at 4-6.  The OCCA repeatedly declined to exercise jurisdiction and dismissed Caudle's petitions for failure to comply with the OCCA's filing requirements.  *Id.*  In one instance, the OCCA exercised jurisdiction over a

---

[2] Caudle also mentions the Judgment and Sentence entered against him in Tulsa County District Court Case No. CF-2014-43.  Dkt. No. 3 at 1.  Respondent liberally construes the Petition as challenging both the validity of the 2022 case and the revocation of Caudle's suspended sentence in the 2014 case.  Dkt. No. 8 at 2-3 & n. 4.  Because Caudle appears without counsel, this Court must liberally construe his Petition.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But even liberally construing the Petition, the Court understands Caudle's arguments as challenging the validity of his conviction in the 2022 case based on his allegation that he was not competent to enter a guilty plea and was not provided a competency hearing, not the legal or factual basis of the state district court's decision to revoke his suspended sentence in the 2014 case.  Dkt. No. 3 at 1-2, 5-7, 12-15.

[3] For consistency, the Court's citations refer to the CM/ECF header pagination.

[4] Caudle's Motion to Withdraw Guilty Plea is dated August 27, 2022, and he states in that motion that he mailed the motion to the Tulsa County Court Clerk that same day.  Dkt. No. 8-7.  That motion was filed in Tulsa County District Court nearly one month later, on September 23, 2022.  *Id.* at 1; Dkt. No. 8-12 at 6.  Respondent does not explain this discrepancy.

2

mandamus petition—a petition that sought an order directing the state district court "to rule upon two competency motions"—and concluded that Caudle had not demonstrated he was entitled to mandamus relief because Caudle did not request a competency examination in state district court until after his criminal judgment was final. Dkt. No. 8-33. In one order declining jurisdiction in a habeas action, the OCCA stated that "any challenge to a final judgment and sentence must be brought not in the form of an extraordinary writ, but as an application for postconviction relief." Dkt. No. 8-31 at 2.

On December 6, 2022, Caudle filed an application for postconviction relief in state district court, again asserting his claims that he was not competent to enter his guilty plea and should be permitted to withdraw it and that he should be provided a competency hearing. Dkt. No. 8-36. The state district court dismissed Caudle's application on December 29, 2022, for lack of jurisdiction, reasoning that Caudle did not file the application in compliance with state procedural rules. *See* Docket Sheet, *State v. Caudle*, https://www.oscn.net/dockets/GetCaseInformation.aspx?db= db=tulsa&number=CF-2022-2687&cmid=3534888, last visited July 28, 2023.[5] Nothing in the state district court's records indicate that Caudle filed a notice of appeal challenging the state district court's dismissal of his application for postconviction relief. *Id.*

**II.**

Respondent contends, and the Court finds, that the Petition should be dismissed because

[5] With the Motion, filed December 22, 2022, Respondent submitted a copy of the state district court's docket sheet and informed the Court that Caudle's application for postconviction relief was pending. Dkt. 8 at 6. The Court finds it appropriate to take judicial notice of the state district court's docket sheet, available to the public through the Oklahoma State Courts Network (oscn.net), reflecting that the state district court denied Caudle's application one week after Respondent filed the Motion. *See Johnson v. Spencer*, 950 F.3d 680, 705-06 (10th Cir. 2020) (discussing propriety of taking judicial notice of public records and prior judicial acts).

Caudle has not exhausted available state remedies as to his claims that he was denied due process because: (1) he was incompetent to enter a guilty plea ("substantive competency claim"); and (2) he was not provided a competency hearing ("procedural competency claim").[6] Dkt. No. 8 at 6-11. A federal district court may not grant habeas relief unless the petitioner has first exhausted available state remedies as to each federal claim asserted in a habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Harrington v. Richter*, 562 U.S. 86, 103 (2011). The exhaustion rule "ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). To satisfy the exhaustion requirement, a petitioner "must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court, or that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (internal citations omitted). *See also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (concluding that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (noting that a petitioner exhausts a federal claim when that claim "has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack"). In most cases, "a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006).

---

[6] "A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing, while a substantive competency claim is founded on the allegation that an individual was tried and convicted while, in fact, incompetent." *McGregor v. Gibson*, 248 F.3d 946, 952 (10th Cir. 2001).

4

Here, Caudle attempted to present his competency claims to the OCCA through requests for mandamus or state habeas relief, not through the state's established appellate process. Notably, in rebuffing one such attempt, the OCCA instructed Caudle that "any challenge to a final judgment and sentence must be brought not in the form of an extraordinary writ, but as an application for post-conviction relief." Dkt. No. 8-31 at 2. Caudle then filed an application for postconviction relief in state district court, asserting his procedural and substantive competency claims. Dkt. No. 8-36. But Caudle has not properly exhausted those claims because nothing suggests that he pursued a postconviction appeal after the state district court denied his application for postconviction relief. Because Caudle did not provide the OCCA an opportunity to resolve his competency claims through "one complete round of the State's established appellate review process," *O'Sullivan*, 526 U.S. at 845, his claims are unexhausted[7] and must be dismissed.[8] Further, because reasonable jurists would not debate the dismissal of the Petition based on the failure to exhaust available state remedies, the Court DENIES a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED that the Clerk of Court shall note on the record the substitution of Steven Harpe, Director of the Oklahoma Department of Corrections, in place of the

---

[7]  As Respondent recognizes, the rule in this circuit is that "competency claims based on substantive due process are subject neither to waiver, nor to procedural bar, whereas their procedural counterparts are susceptible to both." Dkt. No. 8 at 8 (quoting *Grant v. Royal*, 886 F.3d 874, 893 (10th Cir. 2018)).  But Respondent does not argue that Caudle either waived or procedurally defaulted his claims.  Rather, Respondent argues that Caudle did not exhaust them.  And nothing in the plain language of 28 U.S.C. § 2254(b)(1)(A) suggests that substantive competency claims, or any other constitutional claims, are categorically exempt from the statutory exhaustion requirement.

[8]  Because the record amply supports Respondent's request for dismissal on the ground of exhaustion the Court declines to consider Respondent's alternative argument regarding the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). Dkt. No. 8 at 11-12.

State of Oklahoma as party Respondent.

IT IS FURTHER ORDERED that the Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus for Failure to Exhaust Necessary State Remedies and Based on the *Younger* Abstention Doctrine filed December 22, 2022 [Dkt. No. 7] is GRANTED.

IT IS FURTHER ORDERED that the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed November 17, 2022 [Dkt. No. 3] is DISMISSED without prejudice for failure to exhaust available state remedies.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED and that a separate judgment shall be entered in this matter.

Dated this 31st day of July 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE